Eastern District of Kentucky
FILED
JAN 2 6 2006
AT COVINGTON
LESLIE G WHI...
CLERK U S DISTRICT COURT

United States District Court
Eastern District of Kentucky
at Covington

**Amanda L. Kistner**
819 Overton St.
Newport, Ky. 41071
    plaintiff

Case No. 06-19-WOB

WILLIAM O. BERTELSMAN

vs.

**Citifinancial, Inc.**
dba Citifinancial Retail Services
c/o CT Corporation System,
statutory agent
239 South 5th St.
Suite 1511
Kentucky Home Life Bldg.
Louisville, Ky. 40202
    defendant

**Complaint Seeking Civil Damages for Unlawful Access of
and Obtaining Credit Information Under False Pretenses and/or for an
Impermissible Purpose in Willful Violation of the Fair Credit Reporting Act;
Compensatory and Punitive Damages Sought; Attorney Fees & Jury Demand**

NOW INTO COURT, through the undersigned counsel, comes **Amanda L. Kistner,**

domiciled of Campbell, Ky, who respectfully prays for Judgment against defendant,

**Citifinancial, Inc., dba Citifinancial Retail Services aka Citifinancial Retail Services** as

follows:

### Claim One

### Jurisdiction of the Court

1. This Honorable Court has jurisdiction over this matter based upon **28 U.S.C. 1331**, in

that this dispute involves predominant issues of federal law. Defendant is liable unto plaintiff

pursuant to the provisions of the ***"Fair Credit Reporting Act," 15 U.S.C. 1681, et seq.*** [hereinafter the "Act].

### Parties

2. Plaintiff, Aamanda L. Kistner, (hereinafter referred to as "plaintiff"), is a natural person who resides at 810 Overton St., Newport, Ky. 41071, and is a "consumer" as defined by 15 U.S.C. § 1681a.(b) and (c) respectively.

3. Made defendant herein is **Citifinancial, Inc., dba Citifinancial Retail Services aka Citifinancial Retail Services** [hereinafter referred to as **"Defendant"**], who appears to be a Maryland corporation conducting business in many locations throughout the Commonwealth of Kentucky and appointing as statutory agent for service of process CT Corporation System, Kentucky Home Life Bldg., Louisville, Ky. 40202. Upon information and belief, defendant, at all times relevant hereto, acted either as a furnisher of and/or a user of credit information as it is defined within the Act.

### Allegations

4. Defendant, at one time, owned a loan account associated with the plaintiff which was acquired as a result of a retail purchase made by plaintiff from Sofa Express [hereinafter referred to as the "Account"].

5. On December 14, 2004 plaintiff filed a chapter 7 bankruptcy petition in United States Bankruptcy Court for the Eastern District of Kentucky in which she listed the account and the defendant was notified thereof.

6. The account was discharged on or about March 30, 2005.

7. In spite of the above, on or about May 3, 2005 and probably on other occasions defendant impermissibly accessed, on the false pretext of conducting an "account review", plaintiff's consumer credit report and/or obtained credit information concerning plaintiff, including highly personal and sensitive data, through a credit reporting direct access terminal provided defendant by Equifax and CSC (consumer reporting agencies), either directly or via an affiliate credit bureau

8. Defendant is a "user" of credit information.

9. Defendant has been afforded, under contract, a direct access terminal whereby it may, for *permissible and lawful purposes*, access consumer reports.

10. Defendant accessed plaintiff's consumer report without the consent or knowledge of Plaintiff.

11. Defendant never notified plaintiff of the illegal and impermissible access.

12. Defendant obtained plaintiff's consumer report and/or credit information under false pretenses in that it falsely represented that the purpose of such access was for an Account Review of an account that didn't exist.

13. Plaintiff had no accounts, business dealings or other transactions, of any kind, with defendant after December 14, 2004 when she filed her chapter 7 petition and after March 30, 2005 after she received her discharge.

14. Defendant both negligently and wilfully violated the Fair Credit Reporting Act by impermissibly obtaining Plaintiff's consumer report.

3

15. Defendant obtained plaintiff's consumer report under false pretenses because defendant had no legitimate business need or purpose for that information.

16. Therefore, defendant is liable unto plaintiff for the losses and damages caused by the defendant's actions, as described herein as follows:

    a)    Failing to comply with FCRA;

    b)    Invading plaintiff's privacy by impermissibly accessing his consumer report;

    c)    Defaming plaintiff;

    d)    Obtaining plaintiff's consumer report under false pretenses;

    e)    Obtaining plaintiff's consumer report without any legitimate business need for those reports;

    f)    Failing to employ adequate and necessary procedures to avoid violations of FCRA;

    g)    Invading plaintiff's' privacy and endangering plaintiff's financial security;

    h)    Engaging in unfair and deceptive practices; and

    i)    Other acts of fault to be proven at a trial on the merits.

## **Trial By Jury**

17. Plaintiff is entitled to and hereby requests a trial by jury pursuant to the U.S. Const. 7th Amendment and rule 38, federal rules of civil procedure.

## **Request for Exemplary/Punitive Damages**

18. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against defendant under the provisions of the Fair Credit Reporting Act for its willful and intentional violation of the Act.

## **Request for Costs of Litigation and Attorney's Fees**

19. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to an award of damages, the costs of litigation as well as reasonable attorneys' fees incurred by plaintiff may be awarded under the provisions of the Fair Credit Reporting Act.

### **Prayer for Relief**

Each plaintiff seeks damages, as follows:

a) Past, present and future mental anguish, embarrassment, frustration, humiliation and emotional distress;

b) Punitive damages, attorneys' fees, costs incurred and court costs; and

c) Any and all other damages which are reasonable in these premises.

**WHEREFORE, Plaintiff,** prays that after all due proceedings are had there be Judgment herein in favor of plaintiff and against defendant and that there be Judgment herein in favor of plaintiff and against defendant for all reasonable damages sustained by **Plaintiff**, including, but not limited to, compensatory damages associated with the costs of out-of-pocket expenses, embarrassment, inconvenience, emotional distress, mental anguish, and for punitive damages, attorneys' fees, costs incurred, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**FURTHER,** pray for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted by

_____
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
First Floor
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800

7